IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JOHN D. PARKER,                          :
                                         :
            Petitioner                   :    CIVIL NO. 3:CV-17-765
                                         :
      v.                                 :    (Judge Conaboy)
                                         :
WARDEN FCI-SCHUYLKILL,                   :
                                         :
            Respondent                   :
_____

**MEMORANDUM**
**Background**

     This pro se petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 was filed by John D. Parker, an inmate

presently confined at the Schuylkill Federal Correctional

Institution, Minersville, Pennsylvania (FCI-Schuylkill).  Named

as Respondent is the FCI-Schuylkill Warden.  The required filing

fee has been paid.

     Petitioner states that he pled guilty to two counts of

armed bank robbery on December 29, 2008 in the United States

District Court for the Eastern District of Pennsylvania. He was

thereafter sentenced on June 8, 2009 as a career offender to

concurrent 228 month terms of imprisonment.[1]

_____

     [1]  Parker explains that two prior New York state drug
convictions for criminal sale of cocaine were used as predicate
offenses to designate him as being a career offender.  See Doc. 2,
p. 1.

According to the petition, Parker's conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit on April 20, 2010 following a direct appeal. The appeal argued that Petitioner's career offender sentence was substantively unreasonable, and the sentencing court failed to consider 18 U.S.C. § 3553 factors. See Doc. 1, ¶ 13.

Parker acknowledges that he also previously filed a petition for relief pursuant to 28 U.S.C. § 2255 with the sentencing court. His petition is described as asserting claims of ineffective assistance of counsel, impermissible enhancement of his prior criminal history score; and violation of the plea agreement by the prosecution because it made a sentencing recommendation. See id., ¶ 3. Parker's § 2255 petition was denied by the Eastern District of Pennsylvania on December 19, 2011. The Petitioner also indicates that his request for issuance of a certificate of appealability was denied. See id.

Parker further admits that he filed a motion seeking permission to file a successive § 2255 action based upon the United States Supreme Court's decision in Descamps v. United States, 570 U.S.___ , 133 S.Ct. 2276 (2013)[2] which was denied by the Third Circuit on October 30, 2014.

---

[2] Offenses for a violent felony or a serious drug offense maybe used as predicate offenses for a Armed Career Criminal Act (ACCA) sentence enhancement. See 18 U.S.C. § 924(e)(1). Descamps concerned the question of whether the use of a burglary conviction as a violent felony offense was appropriate.

In his pending action, Parker claims that he is entitled to federal habeas corpus relief because he was improperly sentenced as a career offender on the grounds under the standards recently announced in Mathis v. United States, ___ U.S. ___, 136 S. Ct 2243 (2016). See id. at ¶ 14. Petitioner contends that the two prior drug convictions which were used as predicate offenses in designating him as a career offender are no longer considered controlled substance offenses under Mathis. Based upon the nature of Petitioner's allegations, his action will be construed as challenging the legality of his federal sentence.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

3

dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing

4

court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Parker's

5

action only challenges his sentence enhancement.  As recognized by the Hon. Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Petitioner is clearly challenging the validity of his sentence enhancement which was imposed by the Eastern District of Pennsylvania.  Thus, he must do so by following the requirements of § 2255.  Parker indicates that his pending argument was not previously raised because <u>Mathis</u> was not announced until after final disposition of his direct appeal and § 2255 action. Petitioner adds that although <u>Mathis</u> has not been determined to apply retroactively, some district courts have recognized that <u>Descamps</u>, a companion case to <u>Mathis</u> can be applied retroactively.

As noted earlier, Petitioner's pending argument is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on

6

collateral review.  Parker has also not shown that he was unable

to present his claims in a successive § 2255 proceeding or that

they are based upon any newly discovered evidence.  Second,

challenges to career offender status are not properly raised

under § 2241. See Thomas v. Warden, Fort Dix, No. 17-2502, 2017

WL 2225574 *2 (D.N.J. May 19, 2017)

It has also been recognized by courts within this circuit

that Descamps does not apply retroactively to cases on collateral

review.  See  United States v. Nobles, 2015 WL 1208050 * 1  (E.D.

Pa. March 17, 2015); United States v. Wolf, Civil No. 1:CV-04-

347, 2014 WL 3339601 *2  (M.D. Pa. 2014)(Caldwell, J.).

Likewise, Mathis has not been found to apply retroactively to

cases on collateral review by the Supreme Court.  See United

States v. Villella, No. 16-544, 2017 WL 1519548 *6 (W.D. Pa.

April 27, 2017).

Clearly, Parker's' pending claim does not fall within the

narrow Dorsainvil exception to the general rule that section 2255

provides the exclusive avenue by which a federal prisoner may

mount a collateral challenge to his conviction or sentence. See

Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009);

Jordan v. United States, Civil No. 3:CV-14-2048, 2014 WL 7212859

*1-2 (M.D. Pa. Dec. 17, 2014) (Munley, J) (since Descamps cannot

be retroactively applied, the Dorsainvil exception does not

apply); Wyatt v. Warden Fort Dix, No. 17-1335, 2017 WL 1367239 *2

(D.N.J. April 10, 2017)(<u>Mathis</u> based sentencing enhancement claim not properly asserted under § 2241).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's sentencing enhancement, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action. An appropriate order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 6, 2017